UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN BAIRES-REYES,<br><br>Defendant. | Case No. 15-cr-00122-EMC-2<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 70 |

## I. INTRODUCTION

On January 20, 2015, Defendants Jonathan Flores-Ayar and Kevin Baires-Reyes allegedly committed an armed robbery of a Quick Pick Market in Daly City. Docket No. 1 (Compl.) at ¶ 9. Flores-Ayar allegedly pointed a gun at the Quick Pick Market employee, and demanded money and a bottle of Hennessy cognac liquor, which the employee gave him. *Id.* The two then fled on foot. *Id.* Following their arrest, on February 5, 2015, Flores-Ayar and Baires-Reyes were indicted on two charges: (1) conspiracy to commit robbery affecting interstate commerce, per 18 U.S.C. § 1951(a) (Hobbs Act); and (2) possession and brandishing of a firearm in furtherance of a crime of violence, per 18 U.S.C. § 924(c).

On May 25, 2016, Baires-Reyes's motion to dismiss the second count of the indictment came on for hearing before the Court. Docket No. 70 (Mot.). For the reasons stated below, the Court **GRANTS** Baires-Reyes's motion to dismiss the second count.

## II. DISCUSSION

Section 924(c) provides mandatory minimum penalties for conduct involving a firearm in relation to an underlying offense, which as charged in this case is a crime of violence. For purposes of this section, the term "a crime of violence" is defined as:

> an offense that is a felony and--
>
> > (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, Case No. 15-cr-258-WHO, 2016 U.S. Dist. LEXIS 11035, at *3 (N.D. Cal. Jan. 28, 2016). In the instant case, Baires-Reyes contends that the Section 924(c) count must be dismissed because: (1) the Hobbs Act conspiracy charge does not constitute a "crime of violence" as defined by the force clause, and (2) the residual clause is unconstitutionally vague following the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (*Johnson II*).

   1.   <u>Applicability of the "Force Clause"</u>

In determining whether a crime is a Section 924(c)(3)(A) crime of violence, the courts apply a "categorical approach," which looks at the crime by definition rather than on a case-by-case, fact-specific basis. *United States v. Mendez*, 992 F.2d 1488, 1490 (9th Cir. 1993). The Hobbs Act states:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). Robbery, in turn, is defined by the Hobbs Act:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his

2

> family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). The Ninth Circuit has recognized that the Hobbs Act defines the crime using "several permutations, any one of which constitutes the same offense." *Mendez*, 992 F.2d at 1490. In applying the categorical approach, the court "need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence' to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation." *Id.* at 1491.

The Court finds that conspiracy to commit Hobbs Act robbery is not a crime of violence as defined by the force clause. In the Ninth Circuit, "[i]n order to prove a Hobbs Act conspiracy under 18 U.S.C. § 1951(a), the government must show that: (1) two or more people agreed to commit a robbery or extortion of the type discussed in the Hobbs Act; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant voluntarily participated in trying to accomplish the conspiratorial goal." *United States v. Si*, 343 F.3d 1116, 1123-24 (9th Cir. 2003) (citing *United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001)). None of these elements require the use, attempted use, or threatened use of force by a conspirator. For that reason, several courts have found that *conspiracy* to commit Hobbs Act robbery (in contrast to the robbery itself) does not fall within the force clause. *See United States v. Edmundson*, Criminal No.: PWG-13-15, 2015 U.S. Dist. LEXIS 171007, at \*5 (S.D. Md. Dec. 29, 2015) (finding that the statutory definition of a Hobbs Act conspiracy does not require the commission of an overt act, and thus the "Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another"); *United States v. Luong*, CR. NO. 2:99-00433 WBS, 2016 U.S. Dist. LEXIS 53151, at \*4-5 (E.D. Cal. Apr. 20, 2016) (finding that conspiracy to commit Hobbs Act robbery did not satisfy the force clause because a jury would "not [be] required to find that Luong used, attempted to use, or threatened to use physical force in order to find him guilty of conspiracy").

In *United States v. Gore*, 636 F.3d 728 (5th Cir. 2011), the Fifth Circuit held that conspiracy to commit aggravated robbery did not fall within the force clause even though the underlying offense of aggravated robbery involved actual or threatened serious bodily injury, or use or exhibition of a deadly weapon. *Gore*, 636 F.3d at 731. This was because:

3

> a factfinder could convict a defendant of conspiracy to commit aggravated robbery by concluding that there was an agreement to (1) commit robbery and (2) engage in one or more of the acts enumerated in the aggravated robbery statute, without finding that physical force against the person of another was actually used or that there was any attempted or threatened use of such force.

*Id.* Other circuits have reached a similar conclusion. *See also United States v. King*, 979 F.2d 801, 801-03 (10th Cir. 1992) (finding that conspiracy to commit a violent felony was not a violent crime under the Armed Career Criminal Act's force clause even though the crime underlying the conspiracy had to be explained to the jury because "the crime is complete when the felonious agreement is reached," and thus "the elements of the felonious objection of the conspiracy are not subsumed within the elements of the conspiracy charge itself"); *United States v. White*, 571 F.3d 365, 368-69 (4th Cir. 2009), *abrogated on other grounds by Johnson II*, 135 S.Ct. 2551 (finding that because elements of conspiracy under North Carolina law required only an agreement to commit a crime and an intent to carry out that agreement, it did not have as an element the use, attempted use, or threatened use of physical force against another person).

To be sure, the Third Circuit has found that conspiracy to commit robbery does fall within the force clause because for a conspiracy conviction to be obtained, the crime that was the object of the conspiracy had to be defined for the jury and therefore the elements of the criminal conspiracy "subsumed" the elements of robbery. *United States v. Preston*, 910 F.2d 81, 86 (3d Cir. 1990). In disagreeing with the Third Circuit, the Fifth Circuit in *Gore* explained that "[a]n element of a crime is a fact that must be proven beyond a reasonable doubt to obtain conviction," whereas a conspiracy conviction could be obtained "without proving beyond a reasonable doubt that the defendant committed the crime that was the conspiracy's object." 636 F.3d at 73. The Court agrees with the reasoning of the Fourth, Fifth and Tenth Circuits.

Here, a conspiracy to commit Hobbs Act robbery does not have an element of the use, attempted use, or threatened use of physical force. Instead, as the Ninth Circuit has found, a Hobbs Act conspiracy requires only that the government show an agreement to commit a Hobbs Act violation, that defendant had knowledge of the conspiratorial goal, and that the defendant voluntarily participated in trying to accomplish this conspiratorial goal. *See Si*, 343 F.3d at 1123-

24. None of these elements requires actual, attempted, or threatened physical force, and a jury would not be required to find that Baires-Reyes used, attempted, or threatened physical force in order to convict him of Hobbs Act conspiracy. Thus, the force clause does not apply.

The Government argues that because attempted Hobbs Act robbery qualifies as a crime of violence, conspiracy to commit Hobbs Act robbery should also qualify as a crime of violence. Mot. to Dismiss Opp. at 5-6. Attempted Hobbs Act robbery would in fact qualify as a crime of violence because the force clause explicitly encompasses *attempted* use of physical force; by contrast, conspiracy is not specifically covered by Section 924(c)'s force clause – the force clause only covers use, attempted use, or threatened use of physical force. That omission of conspiracy is significant. Consequently, it appears that Congress intended for crimes such as conspiracy to commit Hobbs Act robbery – which involve a substantial *risk* that physical force would be used in the course of committing the offense – to be covered by the residual clause, not the force clause. However, as discussed below, the residual clause itself is likely unconstitutional.

2. <u>Constitutionality of the "Residual Clause"</u>

Baires-Reyes argues that Section 924(c)'s residual clause is unconstitutionally vague, following *Johnson II*. *Johnson II* concerned the ACCA, which defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Supreme Court found that the residual clause, italicized above, had "two features [which] conspire to make it unconstitutionally vague." *Johnson II*, 135 S.Ct. at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime." *Id.* Second, "the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. This uncertainty of how much risk it takes was compounded by having to apply such risk assessments "to a judge-

5

imagined abstraction." *Id.* Furthermore, the Supreme Court noted that the residual clause required "courts to interpret 'serious potential risk' in light of the four enumerated crimes -- burglary, arson, extortion, and crimes involving the use of explosives. These offenses are far from clear in respect to the degree of risk each poses." *Id.* (internal quotation omitted). Thus, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

Since *Johnson II*, the Circuits have split on whether other residual clauses are also unconstitutionally vague. Significantly, however, in *Dimaya v. Lynch*, the Ninth Circuit found that 18 U.S.C. § 16's residual clause was unconstitutionally vague under *Johnson II*. 803 F.3d 1110, 1112 (9th Cir. 2015). Section 16's residual clause – which has the same language as Section 924(c)'s residual clause – defines a crime of violence as: "(b) any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Although the Ninth Circuit acknowledged that Section 16's residual clause had different wording than the ACCA's residual clause:

> The Court's reasoning applies with equal force to the similar statutory language and identical mode of analysis used to define of violence for purposes of the INA. The result is that because of the same combination of indeterminate inquiries, § 16(b) is subject to identical unpredictability and arbitrariness as ACCA's residual clause. In sum, a careful analysis of the two sections, the one at issue here and the one at issue in *Johnson*, shows that they are subject to the same constitutional defects and that *Johnson* dictates that § 16(b) be held void for vagueness.

*Dimaya*, 803 F.3d at 1115. Like the ACCA's residual clause, the INA's crime of violence provision required courts to "inquire whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a substantial risk of force." *Id.* at 1116 (internal quotation omitted). In so doing, it "offer[ed] no reliable way to choose between these competing accounts of what a crime looks like in the ordinary case." *Id.* This uncertainty in what constitutes an "ordinary case" was compounded by the "combination with the uncertainty in determining the

6

1  degree of risk . . ." because "Section 16(b) gives judges no more guidance than does the ACCA
2  provision as to what constitutes a substantial enough risk of force to satisfy the statute.
3  Accordingly, *Johnson*'s holding with respect to the imprecision of the serious potential risk
4  standard is also clearly applicable to § 16(b)." *Id.* at 1116-17. Thus, the Ninth Circuit concluded
5  that the provision was unconstitutionally vague, although it noted in a footnote that its decision
6  "does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. §
7  1101(a)(43)(F)." *Id.* at 1120.[1] The Seventh Circuit and Fifth Circuit have also since found that
8  Section 16(b)'s residual clause is unconstitutionally vague per *Johnson II*, although the Fifth
9  Circuit's decision is pending en banc review. *United States v. Vivas-Ceja*, 808 F.3d 719, 722-23
10 (7th Cir. 2015); *United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016), *en banc*
11 *reh'g granted by United States v. Gonzalez-Longoria*, 815 F.3d 189 (5th Cir. 2016).

Although the Ninth Circuit has not addressed whether Section 924(c)'s residual clause is unconstitutionally vague, several district courts in the Ninth Circuit have applied *Dimaya* to so conclude. In *United States v. Bell*, Judge Orrick found that Section 924(c)'s residual clause was invalid. 2016 U.S. Dist. LEXIS 11035, at *40. Judge Orrick explained that "as *Dimaya* and *Vivas-Ceja* make clear, the differences in the language used in the ACCA residual clause versus the section 924(c)(3) residual clause are not material insofar as the reasoning in *Johnson II* is concerned." *Id.* at *36. While Judge Orrick acknowledged *Dimaya*'s footnote that *Dimaya* did not reach the constitutionality of applications of Section 19(b) outside of 8 U.S.C. § 1101(a)(43)(F), he found that:

> While the Ninth Circuit made clear that this holding does not extend beyond the scope of the facts before it, that does not mean that the reasoning from the decision cannot be applied elsewhere. Here, as in *Dimaya*, the "minor distinctions between the text of the ACCA residual clause and that of the section 924(c)(3) residual clause fail to undermine the applicability of *Johnson II*'s fundamental holding to this case.

*Id.* at *39. Because *Dimaya* was highly persuasive, Judge Orrick concluded that "[t]he section

---

[1] The Ninth Circuit has recently found that *Dimaya*'s holding was binding in determining that Section 16(b), as incorporated in U.S.S.G. § 2L1.2(b)(1)(C), was unconstitutionally vague. *United States v. Hernandez-Lara*, 817 F.3d 651, 653 (9th Cir. 2016).

7

1  924(c)(3) residual clause may not be used to establish that section 2112 robbery is a crime of
2  violence." *Id.* at *40; *see also United States v. Lattanaphom*, CR. No. 2:99-433 WBS, 2016 U.S.
3  Dist. LEXIS 12368, at *16 (E.D. Cal. Feb. 1, 2016) ("[t]he only binding authority in the Ninth
4  Circuit compels this court to find § 924(c) void for vagueness. The *Dimaya* court extended
5  Johnson to a statute with identical language as that in the § 924(c) residual clause and cannot be
6  distinguished.").

Applying the reasoning of *Dimaya*, the Court finds that Section 924(c)'s residual clause is unconstitutionally vague. Although *Dimaya* concerned Section 16(b), Section 16(b)'s residual clause contains the same exact language as Section 924(c)'s residual clause, and *Dimaya*'s analysis of whether Section 16(b)'s residual clause is unconstitutionally vague under *Johnson* is equally applicable to Section 924(c)'s residual clause. Like the ACCA, Section 942(c) requires the application of a categorical approach, which requires the Court to determine what an "ordinary case" of the crime involves without providing any "reliable way to choose between these competing accounts of what a crime looks like in the ordinary case." *Dimaya*, 803 F.3d at 1116 (internal quotation omitted). Section 924(c) then requires an analysis of whether there is a "substantial risk that physical force" will be used, but "with no more guidance than does the ACCA provision as to what constitutes a substantial enough risk of force to satisfy the statute." *Id.* at 1117. The same level of imprecision that the Ninth Circuit found unconstitutional in Section 16(b)'s residual clause also exists in Section 924(c)'s residual clause.

///
///
///
///
///
///
///
///
///

8

### III. <u>CONCLUSION</u>

The Court **GRANTS** Baires-Reyes's motion to dismiss. The Hobbs Act conspiracy charge is not a crime of violence as defined by Section 924(c)'s force clause because it lacks an element of use, attempted use, or threatened use of physical force. Further, Section 924(c)'s residual clause is void for vagueness. For those reasons, the Court will dismiss the second charge of possession and brandishing of a firearm in furtherance of a crime of violence.

This order disposes of Docket No. 70.

**IT IS SO ORDERED**.

Dated: June 7, 2016

_____
EDWARD M. CHEN
United States District Judge