UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN BAIRES-REYES<br><br>Defendant. | Case No. 15-cr-00122-EMC<br><br>**ORDER RE AFFIRMATIVE DEFENSES, VERDICT FORM, AND JURY INSTRUCTIONS**<br><br>Docket No. 134, 135, 136 |

## I. <u>INTRODUCTION</u>

The Court issues the following order regarding outstanding issues not previously resolved by the Court's Final Pretrial Conference Order. *See* Docket No. 133 (PTC Ord.).

## II. <u>DISCUSSION</u>

A. <u>Government's Motion in Limine No. 9 (Exclusion of Undisclosed Affirmative Defenses)</u>

The Government contends that Baires-Reyes must before trial proffer proof establishing a prima facie case before he can raise an affirmative defense such as duress or justification. Docket No. 136 (Affirm. Defenses Memorandum) at 1. In order to make a prima facie case for duress, a defendant must establish: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (internal quotation omitted). The Ninth Circuit has found that "[a] defendant is not entitled to present a duress defense at trial or receive a jury instruction on duress unless the defendant makes a prima facie showing of duress in a pretrial offer of proof, or in evidence presented at trial." *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011) (internal citations omitted); *see also United States v. Lippitt*, 487 Fed. Appx. 368, 368 (9th Cir. 2012). In so holding, the Ninth

Circuit has reasoned that "[i]n the absence of a prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury instruction is not appropriate." *Ibarra-Pino*, 657 F.3d at 1004; *see also Vasquez-Landaver*, 527 F.3d at 804; *United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996) ("the Government has a legitimate interest in excluding evidence which is not relevant or is confusing under Rule 402 and Rule 403 of the Federal Rules of Evidence. Evidence of duress is not relevant if the defendant fails to present evidence of a prima facie case of the affirmative defense").

Similarly, to establish a prima facie case for justification, a defendant must establish: "(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir. 2002). As with duress, if a defendant fails to establish a prima facie case of justification, the district court may exclude evidence of justification. *See id.* (finding no error where district court granted motion in limine to exclude evidence of duress and justification because the defendant failed to establish a threat of serious bodily injury or reasonable legal alternatives); *cf. United States v. Gomez*, 92 F.3d 770, 75 (9th Cir. 1996) (finding that the defendant was entitled to present evidence of justification because the evidence was adequate to make out a justification defense).

The Court therefore **GRANTS** the Government's ninth motion in limine, and will require Baires-Reyes to present evidence sufficient to establish a prima facie case should Baires-Reyes seek to raise the affirmative defense of duress or justification.[1]

B. <u>Aiding and Abetting "Brandishing" of a Firearm</u>

The primary dispute raised by the parties as to the verdict form and the jury instructions is whether the Government is required to prove that Baires-Reyes specifically intended to aid and

---

[1] Necessity has generally been treated as a branch of justification. *See Gomez*, 92 F.3d at 774 n.6; *see also United States v. Beasley*, 346 F.3d 930, 934-35 ("It is immaterial whether an affirmative defense to § 922(g)(1) is termed 'justification,' 'necessity,' 'duress,' or 'self-defense;' however, the broader term of 'justification' will usually encompass all of these defenses to § 922(g)(1)").

2

abet the brandishing of a firearm during the commission of a crime of violence, *i.e.*, that Baires-Reyes had advance knowledge that a confederate would brandish a gun during the commission of the crime, within time to withdraw from the crime. *See* Docket No. 135 (Proposed Jury Instructions) at 17-23. The Court finds that in order to have aided and abetted brandishing of a firearm, Baires-Reyes must have had advance knowledge that the firearm would be brandished.

As a general matter, "an aider and abettor's intent regarding the substantive offense is the same intent required for conviction as a principal." *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005). The Supreme Court has found that to find an individual liable for brandishing under Section 924(c), "Congress expressly included an intent requirement for that provision, by defining 'brandish' to mean 'to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, *in order to intimidate* that person.'" *Dean v. United States*, 556 U.S. 568, 572 (2009) (quoting 18 U.S.C. § 924(c)(4)).[2] In short, "[t]he defendant must have intended to brandish the firearm, because the brandishing must have been done for a specific purpose." *Id.* at 572-73. This was in contrast to discharge of the firearm, which did not include any intent requirement. *Id.* at 573. Applying the general aiding and abetting intent requirements to Section 924(c), the Court finds that just as a principal must have intended to brandish a firearm, so too must the individual accused of aiding and abetting the principal in brandishing the firearm, in order to be convicted for brandishing under Section 924(c). Such intent can be shown by knowledge of the brandishing "at a time the accomplice can do something with it -- most notably, opt to walk away." *Rosemond v. United States*, 134 S.Ct. 1240, 1249-50 (2014).

Several courts have found that a specific intent to brandish is required for liability as an

---

[2] The Government cites *Dean* in support of their argument that aiders and abettors should be held responsible for the enhanced penalties of Section 924(c) by virtue of deciding to participate in an armed crime of violence. However, *Dean*'s focus was on the discharge of a firearm, which the Supreme Court found did not have a specific intent requirement, unlike brandishing. Therefore, *Dean* does not stand for a broad proposition that by agreeing to participate in an armed crime of violence, the aider and abettor is responsible for everything that flows from the crime of violence, including brandishing despite the specific intent requirement for brandishing. This would read out *Garcia*'s requirement that the aider and abettor needs to have the same intent required for conviction of a principal. The Government also cites *United States v. Lord*, 543 Fed. Appx. 995 (11th Cir. 2013), arguing that there the Eleventh Circuit did not take issue with the lack of evidence that the defendant had advance knowledge that his co-robber would brandish a gun. However, this unpublished opinion was before *Rosemond*.

3

aider and abettor. *See United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) (finding sufficient factual basis for aiding and abetting brandishing of a gun where the defendant saw that a gun was being used as he rounded the corner, and joined the carjacking while the gun was still being brandished instead of leaving); *United States v. Soto*, 794 F.3d 635, 661-62 (6th Cir. 2015) ("we must affirm the firearm conviction if there is sufficient evidence from which a reasonable jury could find that the fake drug deal with Freeman furthered the drug conspiracy, and that Respardo-Ramirez had foreknowledge that his confederates would brandish guns"); *Farmer v. United States*, Civil No. 14-cv-694-JPG, 2015 U.S. Dist. LEXIS 16537, at *27-28 (S.D. Ill. Feb. 11, 2015) ("[i]t is true that after *Rosemond* the Court's instructions set forth above may be deemed inadequate because they did not require the jury to find Farmer knew Wrice or Anderson would brandish a gun in enough time for her to have had a realistic opportunity to withdraw from the criminal scheme," and that "[h]ad Farmer's case been on direct appeal, this might have been sufficient to reverse her conviction on the § 924(c) count"). While the Eleventh Circuit has found otherwise, concluding that a defendant could be found liable for aiding and abetting brandishing by having knowledge that the principal would brandish a gun, *see United States v. Payne*, 763 F.3d 1301, 1304 n.2 (11th Cir. 2014), *United States v. Maddox*, 803 F.3d 1215, 1222 (11th Cir. 2015), this conclusion would read out the intent requirement for brandishing, as well as the general rule that to be convicted of aiding and abetting, a defendant must have the same intent required for conviction of the principal.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Ninth Motion in Limine. It also finds that in order to be convicted of aiding and abetting brandishing of the firearm under Section 924(c), the Government must show that Baires-Reyes had knowledge that the

///

///

///

///

///

4

firearm would be brandished while Baires-Reyes still had a realistic opportunity to withdraw from the crime. The Court incorporates this conclusion in its proposed jury instructions and verdict form, which are reproduced in **Exhibit 1** and **Exhibit 2**, respectively. Any party wishing to object or otherwise comment on the Court's proposed jury instructions and/or verdict form is ordered to file objections or comments by **12:00 Noon, July 28, 2016**.

**IT IS SO ORDERED**.

Dated: July 27, 2016

_____
EDWARD M. CHEN
United States District Judge