UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> KEVIN BAIRES-REYES, <br> Defendant. | Case No. 15-cr-00122-EMC-1 <br><br> **ORDER RE OBJECTIONS TO JURY INSTRUCTIONS** <br><br> Docket No. 151, 155 |

## I. INTRODUCTION

On July 27, 2016, the Court issued its proposed jury instructions. Docket No. 149. Both parties subsequently filed objections to the jury instructions, raising two primary disputes. Docket No. 151 (Gov. Objs.); Docket No. 155 (Baires-Reyes Objs.).[1]

## II. DISCUSSION

A. "Minimal Effect"

The Court proposed the following jury instruction regarding the required effect on interstate commerce for a Hobbs Act robbery:

> Only a minimal effect on interstate commerce is required to establish jurisdiction for these charges, and the effect need only be probable or potential, not actual.

The Government has expressed a preference for use of "de minimis" as opposed to

---

[1] The Government also objects to: (1) the requirement that the defendant have specific intent to aid and abet the brandishing of the weapon, and (2) to show intent, the defendant have advance knowledge that the firearm at a point when he had the ability to walk away from the crime. Gov. Objs. at 3. Baires-Reyes in turn reiterates his request that the Court issue his proposed instructions regarding conspiracy to commit robbery affecting interstate commerce, robbery affecting interstate commerce, aiding and abetting the use or carrying of a firearm, aiding and abetting brandishing, and additional instructions for count three. Baires-Reyes Objs. at 1-2.

"minimal." Gov. Objs. at 1. However, the Government also "appreciates that there is not a significant difference between the definitions of 'de minimis' and 'minimal,'" but makes two requests. *Id.* at 2. First, the Government requests that it be allowed to present the Black's Law Dictionary definition of "minimal" to the jury during its closing argument or rebuttal. This definition is unnecessary as it adds little to the definition of "minimal." Instead, the Court will accept the Government's second request and give a modified jury instruction that includes the following example of what constitutes "minimal" effect on interstate commerce:

> For example, if a successful robbery of money would prevent the use of those funds to purchase articles which travel through interstate commerce, that would be sufficient effect on interstate commerce.

*See United States v. Cervantes*, CR 12-0792 YGR, Docket No. 1395 at 61. This specific example has been used in jury instructions by other courts, including in cases upheld by the Second Circuit and Tenth Circuit. *See United States v. Jamison*, 299 F.3d 114, 117 (2d Cir. 2002) (upholding conviction in which the following jury instruction was issued: "if you find that a successful robbery would have prevented the use of that money in purchasing articles which travel through interstate commerce, you may find that this element [effect on interstate commerce] is satisfied"); *United States v. Shinault*, 147 F.3d 1266, 1277 (10th Cir. 1998) (finding no problem in providing the example "if a successful robbery of money would prevent the use of those funds to purchase which travel through interstate commerce, that would be a sufficient effect on interstate commerce" because it did not tie a legal result to the particular facts of the defendant's case"). This example will be included once, rather than in both jury instructions concerning the Hobbs Act robbery (*i.e.*, with Jury Instruction No. [33] concerning conspiracy to commit robbery affecting interstate commerce, but not with Jury Instruction No. [34] concerning robbery affecting interstate commerce). Thus, the final paragraph of Jury instruction No. [33] will read as follows:

> Only a minimal effect on interstate commerce is required to establish jurisdiction for these charges, and the effect need only be probable or potential, not actual. For example, if a successful robbery of money would prevent the use of those funds to purchase articles which travel through interstate commerce, that would be sufficient effect on interstate commerce.

B. "Willful Ignorance"

The Government objects to the Court's instruction requiring that a defendant have specific knowledge that a firearm would be brandished in order to be found guilty of aiding and abetting a brandishing charge. It proposes that the Court issue two new instructions regarding deliberate ignorance, to apply to: (1) aiding and abetting the use or carrying of a gun, and (2) aiding and abetting the brandishing of a gun. Gov. Objs. at 5-6. In support, it cites the Ninth Circuit's recent decision in *United States v. Nosal*. There, the Ninth Circuit applied a deliberate ignorance instruction to a charge of aiding and abetting a violation of the Computer Fraud and Abuse Act (CFAA).[2] 2016 U.S. App. LEXIS 12382, at *32-36 (9th Cir. July 5, 2016). It explained that "a statutory requirement that a criminal defendant acted 'knowingly' is 'not limited to positive knowledge, but includes the state of mind of one who does not possess positive knowledge only because he consciously avoided it.'" *Id.* at *34. The Ninth Circuit further found that it had previously "equated positive knowledge and deliberate ignorance in upholding conspiracy convictions," and that it saw "no reason to distinguish aiding and abetting liability." *Id.* It also analyzed *Rosemond*, finding that *Rosemond* did not require a different result because *Rosemond* considered the advance knowledge requirement for accomplish liability, specifically "when a defendant must have advance knowledge, meaning 'knowledge at a time the accomplish can do something with it--most notably, opt to walk away.'" *Id.* at 35 (quoting *Rosemond v. United States*, 134 S.Ct. 1240, 1249-50 (2014)).

The Court denies the Government's request. First, it is not entirely clear that the deliberate ignorance instruction, which the *Nosal* court connected with a "knowingly" standard, would also satisfy *Rosemond*'s "*advance* knowledge" requirement, as "advance knowledge" has an additional temporal element.

Second, the Government is essentially proposing to use the deliberate ignorance instruction to create something "akin to the quasi-strict 924(c) liability for discharge that the Supreme Court imposed upon aiders and abettors in *Dean*." Gov. Objs. at 5. However, while *Dean* may have

---

[2] The CFAA appears to have a requirement that a person access a computer "knowingly and with the intent to defraud." *See United States v. Nosal (Nosal I)*, 676 F.3d 854, 856 (9th Cir. 2012).

3

applied this "quasi-strict liability" for discharge, it also made clear that the brandishing charge required that the brandishing "be[] done for a specific purpose," namely "'*in order to intimidate that person.*'" 556 U.S. 568, 572-73 (quoting 18 U.S.C. § 924(c)(4)). Thus, a "quasi-strict liability" for discharge would not be applicable to a brandishing charge, which has a specific intent requirement. Applying the Government's reasoning that "[a]ny time a person uses or carries a firearm in connection with a robbery, there is a high probability that the weapon will be brandished," any defendant who has knowledge that a confederate has a gun would automatically be liable for brandishing. Gov. Objs. at 4. This would have the effect of extinguishing any distinction between the requirements for aiding and abetting the use or carry of a firearm and aiding and abetting brandishing, despite the different punishments.

The Court therefore denies the Government's request to add a deliberate ignorance instruction.

### III. CONCLUSION

The Court will amend the jury instruction regarding the required effect on interstate commerce for a Hobbs Act robbery by including the above-discussed example. The Court will not provide the Government's deliberate ignorance instruction.

**IT IS SO ORDERED**.

Dated: July 29, 2016

_____
EDWARD M. CHEN
United States District Judge