United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-cr-00122-EMC-2 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S (1) MOTION FOR JUDGMENT OF ACQUITTAL AND (2) MOTION FOR NEW TRIAL** |
| KEVIN BAIRES-REYES, | |
| Defendant. | Docket Nos. 170-171 |

For the reasons stated on the record at the November 23, 2016 hearing herein and those stated below, Defendant's motions for acquittal under Federal Rule of Criminal Procedure 29 and for new trial under Rule 33 are **DENIED**.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have rendered guilty verdicts for the charges of robbery and aiding and abetting the use of a firearm during a crime of violence. *Jackson v. Virginia*, 443 U.S. 307, 319-20 (1979); *United States v. Ramos*, 558 F.2d 545, 546-47 (9th Cir. 1977). As noted at the hearing, there was substantial evidence that Defendant was the second robber, including, inter alia, his wearing the black Dickies pants and black and white Nike Cortez shoes apparent on the store video, the apparent match in wear pattern seen on the left shoe, his sleeping on one of two sweatshirts that matched that worn by the second robber as seen on the video, his being found sleeping in the presence of Flores-Ayar and with evidence connected with the robbery, his DNA being found on the back collar and inside cuffs of one of the sweatshirts matching that seen on the video, and evidence showing that he matched the second robber's height and build. The disparity in height testified to by the store clerk was not substantial (as little as a 4" difference) or certain enough to negate all the other inculpatory evidence.

Reference at trial to Flores-Ayar's gang affiliation did not prejudice Defendant; that evidence was limited to describing the course of the investigation which led to Flores-Ayar and ultimately to Defendant. Such evidence was made material by Defendant's decision to impeach the quality of the police investigation which led to Defendant's arrest, a decision made expressly and consciously by defense counsel after discussion with the Court before trial. All other evidence of any gang affiliation, including that of Ortiz and Defendant was excluded from trial and not heard by the jury. For these reasons and those stated at the hearing, Defendant's motion for acquittal is denied.

For the similar reasons, the substantial evidence of Defendant's guilt establishes that the evidence did not preponderate heavily against the verdict such that it would be a miscarriage of justice to let the guilty verdicts stand. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000); *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992); *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Nor was there a *Brady* violation resulting from the government's failure to conduct a further investigation after learning that the DNA on the black mask and 4XL sweatshirt matched that of an unidentified male who was not Defendant. The results of the DNA tests *were fully disclosed* to Defendant. The government did not *suppress* exculpatory evidence; the government has no duty to create exculpatory evidence. *United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir. 1980).

At the hearing, Defendant did not vigorously argue the *Brady* claim; instead he contended the government's failure to investigate the identity of the unidentified male whose DNA was found on the mask and sweatshirt violated due process. But given the fact that the government fully disclosed the results of the DNA tests to Defendant, no due process claim may be stated. The most exculpatory aspect of the disclosure – that Defendant's DNA was *not* found on the mask and sweatshirt – was fully utilized and argued by defense counsel to the jury.

Moreover, Defendant could have conducted his own investigation and sought to use the discovery process available through the Court in pursuit thereof *e.g.*, to determine whether the DNA on the mask and sweatshirt matched that of Ortiz; he evidently either did not do so or

2

1 decided that avenue of defense was not pursuing, perhaps because Ortiz's height and build may not have matched that of the second robber – he was substantially heavier (by about 40 pounds) than Defendant. Thus, it is not at all clear, indeed speculative, whether further investigation would have yielded exculpatory evidence. If the DNA were tied to someone who did not match the second robber or belonged to someone with an alibi, it would not have helped Defendant.

Defendant's reliance on *Wilson v. Lawrence County*, 260 F.3d 946 (8th Cir. 2001) to the contrary is misplaced. The gist of the court's opinion is that willfully or deliberately ignoring exonerating information indicated the wrong person was arrested or being prosecuted could violate due process. *See id.* at 955 (citing *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992)). *Wilson* involved a decision by law enforcement to rely upon an alleged coerced confession instead of attempting to solve a murder through reliable investigative techniques. Absent the coerced confession and the lack of reliable corroborating evidence, nothing in *Wilson* suggests failure to investigate additional leads would violate due process. *See id.* at 955-56. Here, the government did not rely on a coerced confession at the deliberate expense of traditional investigative techniques, and there was substantial corroborative evidence of Defendant's guilt.

Finally, even if the due process claim were a close call, Defendant has not shown prejudice from the government's failure to investigate the DNA further. As noted above, nothing suggests such investigation would have helped Defendant other than speculation. Further, the evidence of guilt was substantial.

Accordingly, the motion for new trial is denied.

This order disposes of Docket Nos. 170 and 171.

**IT IS SO ORDERED**.

Dated: November 30, 2016

_____
EDWARD M. CHEN
United States District Judge